IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANNA MAE SWEDER,

    Plaintiff,

v.                               Civil Action No. 5:05CV203
                                                (STAMP)
JAMES FERNAU, M.D.,

    Defendant and
    Third-Party Plaintiff,

v.

MEDICAL ASSURANCE CO., INC. and
MEDICAL ASSURANCE OF WEST VIRGINIA,

    Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING THIRD-PARTY PLAINTIFF
JAMES FERNAU, M.D.'S MOTION TO REMAND**

I. Procedural History

Plaintiff, Anna Mae Sweder ("Sweder"), commenced this action by filing a complaint in the Circuit Court of Brooke County, West Virginia in February 2003, against the defendant, James L. Fernau, M.D. ("Dr. Fernau"), alleging claims against Dr. Fernau for medical malpractice. In July 2005, Medical Assurance Co., Inc. and Woodbrook Casualty Insurance, Inc. (referred to collectively as "Woodbrook Casualty") f/k/a Medical Assurance of West Virginia, Inc., filed a complaint for declaratory relief, Civil Action No. 5:05CV101, in this Court.[1] On August 2, 2005, Dr. Fernau filed a

---

[1] For the purposes of this Order, Woodbrook Casualty will be referred to in the singular since the defendants have requested to

third-party complaint against Woodbrook Casualty for declaratory relief in the Circuit Court of Brooke County, West Virginia. On November 25, 2005, Sweder settled and dismissed her claim against Dr. Fernau. On December 13, 2005, Woodbrook Casualty removed the action to this Court, pursuant to 18 U.S.C. § 1441, <u>et seq</u>., on the grounds that complete diversity exists and the amount in controversy exceeds $75,000.00.

Dr. Fernau then filed a motion to remand. Woodbrook Casualty responded and Dr. Fernau replied. The motion to remand is now fully briefed and ripe for review. This Court finds that Dr. Fernau's motion to remand must be granted for the reasons stated below.

## II. <u>Applicable Law</u>

District courts have original jurisdiction in all civil actions when a matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. Any civil action brought in the state court over which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441. Removal of the case is, however,

---

be referred to collectively as one entity.

subject to certain restrictions. Title 28, United States Code, Section 1446(b) states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Further, pursuant to 28 U.S.C. § 1447(c), a defect in removal procedure constitutes a ground for remand. An untimely removal notice or any "failure to comply with the requirements of § 1446(b) constitutes a 'defect in removal procedure.'" Page v. City of Southfield, 45 F.3d 128, 131 (6th Cir. 1995)(citations omitted).

It should also be noted that "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, a remand is necessary. See Mulcahey, 29 F.3d at 151.

3

III. Discussion

A. Proper Removal

While courts are irreconcilably divided on the issue of whether a third-party defendant may remove a case to federal court, the majority view among courts and leading commentators is that third-party defendants may not remove a civil action. See 14A Wright, Miller & Cooper, Federal Practice and Procedure Jurisdiction § 3731 (3d ed. 2005); Harper v. Sonnabend, 182 F. Supp. 594, 595 (S.D.N.Y. 1960). Accordingly, only a defendant, and not a third-party defendant, may remove an action pursuant to 28 U.S.C. § 1441. See Florence v. ABM Indus., Inc., 226 F. Supp. 2d 747, 748 (D. Md. 2002). On the other hand, a third-party defendant may remove an action pursuant to § 1442(a), based solely on a party's status as a federal officer or agency. See Thompson v. Wheeler, 898 F.2d 406, 409 (4th Cir. 1990)(noting that federal officers and agencies, as third-party defendants, may remove cases within the Federal Tort Claims Act). Section 1442(a) states in relevant part: "[a] civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a). Thus, the text of § 1442(a) does not mention the "defendant," unlike the text of § 1441. See Florence, 226 F. Supp. 2d at 749.

In the present civil action, the third-party defendant Woodbrook Casualty filed a notice of removal pursuant to § 1441, et seq. Woodbrook Casualty lacks the ability as a third-party defendant to remove this case pursuant to § 1441. See id. (noting that removal statutes must be construed strictly and holding that the third-party defendant could not remove under § 1441 because it was not a defendant under the provision.) Woodbrook Casualty does not mention § 1442 in its analysis of removal nor does it have the necessary status, as a federal officer or agency, to remove this case pursuant to § 1442.

In the notice of removal, Woodbrook Casualty states that it has become the "true defendants" because the underlying medical malpractice claim was dismissed. (Notice of Removal ¶ 9). However, in this case, the state court did not sever the actions, creating two separate actions. See Central of Georgia Railway Company v. Riegel Textile Corp., 426 F.2d 935, 937 (5th Cir. 1970)(noting that the third-party controversy should not be tried as a part of the original case and, by severing the claims, the court created two separate and independent causes of action); Patient Care, Inc. v. Freeman, 755 F. Supp. 644 (D.N.J. 1991) (holding that third-party defendants may remove severed, separate or independent claims). Instead, plaintiff Sweder voluntarily settled her claim with Dr. Fernau and dismissed that action.

5

Accordingly, Woodbrook Casualty is the third-party defendant even though plaintiff Sweder's claims were dismissed.

Further, in Florence, 226 F. Supp. 2d at 749, the court rejected the argument by the third-party defendant that the third-party complaint for indemnification and contribution was sufficiently unrelated to the main claim, injuries allegedly sustained in an elevator, so as to constitute a separate cause of action pursuant to § 1441(c).[2] The Court held that § 1441(c) only applies to removal of cases where a "separate cause of action within the jurisdiction conferred by § 1331 [federal question jurisdiction] is joined with one or more otherwise non-removable claims or causes of action . . . ." Id. at 478. There is no federal question pursuant to § 1331 in the instant civil action, instead it is based upon state law. Accordingly, there is no separate and independent cause of action that would allow Woodbrook Casualty to become the defendant.

This Court finds that, pursuant to 28 U.S.C. § 1441, Woodbrook Casualty is not a "defendant" for purposes of removal; and therefore, Woodbrook Casualty can not initiate removal of an action brought against Dr. Fernau for medical malpractice claims, even though Woodbrook Casualty is the third-party defendant in the third-party complaint filed by Dr. Fernau.

---

[2] If the claims are considered a separate cause of action the third-party defendant will become the actual defendant regarding that cause of action. See id.

B.  <u>One-Year Limitation</u>

Alternatively, this Court will also address the grounds for removal raised by Dr. Fernau. Dr. Fernau contends in his motion to remand that Woodbrook Casualty violated the clear language of 28 U.S.C. § 1446(b), prohibiting removal one year after commencement of the case. Dr. Fernau correctly notes that according to both Federal and West Virginia Rule of Civil Procedure 3: "A civil action is commenced by filing a complaint with the court." The United States Court of Appeals for the Fourth Circuit has held that the one-year limitation of § 1446(b) is an absolute bar to removal, citing <u>Lovern v. GMC</u>, 121 F.3d 160, 163 (4th Cir. 1997). The Fourth Circuit has not recognized any equitable exceptions to the one-year limitation.

Woodbrook Casualty argues that the underlying civil action has been dismissed and the notice of removal was filed within thirty days of the entry of the dismissal order. Woodbrook Casualty argues that the present civil action is similar to <u>Mahl Brothers Oil Co., Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 307 F. Supp. 2d 474, 477-87 (W.D.N.Y. 2004). In <u>St. Paul</u>, the State of New York Department of Environmental Conservation commenced a lawsuit in New York State Supreme Court against Mahl Brothers Oil Co. ("Mahl Brothers"). <u>Id.</u> at 476. Mahl Brothers filed a third-party complaint against St. Paul seeking defense and indemnification under the policies. <u>Id.</u> The court severed the third-party

7

complaint and St. Paul removed the case to federal court. Id. Mahl Brothers filed a motion to remand. Id.

The court, in St. Paul, severed the underlying state court action from the third-party complaint because New York law prohibits the joinder of an insurance coverage claim with the underlying action for which the insured seeks insurance coverage. Id. Thus, the third-party claim was a separate action and the one-year statute of limitations was based upon the date of the dismissal order instead of when the underlying action was commenced. Id.

Moreover, Woodbrook Casualty argues that plaintiff Sweder dismissed all of her medical malpractice claims, which leaves a separate action for declaratory relief.

Dr. Fernau argues that under the applicable West Virginia law, a third-party claim involving a declaration relative to insurance coverage is a proper third-party action and does not need to be asserted in a separate action. See Christian v. Sizemore, 383 S.E.2d 810 (W. Va. 1989). This Court agrees with the reasoning set forth in Dr. Fernau's motion to remand and finds unpersuasive the reasoning of St Paul, 307 F. Supp. 2d at 474. The reasoning set forth in St. Paul is based upon New York law and is not in accordance with the laws of West Virginia. Id. In the present civil action, the removal is untimely because more than one year has elapsed since the action was originally commenced. The third-

party complaint is part of the original action and the dismissal of plaintiff Sweder's claims does not commence a new action. Furthermore, the state court did not sever the third-party complaint from the underlying action.

This Court follows the holding by the Fourth Circuit that "[i]n diversity cases, the statute [§ 1446(b)] . . . erect[s] an absolute bar to removal of cases in which jurisdiction is premised on 28 U.S.C. § 1332 more than one year after commencement of the action. This bar creates . . . a sufficient incentive for defendants promptly to investigate the factual requisites for diversity jurisdiction, including the . . . amount in controversy." Lovern, 121 F.3d at 163. Furthermore, this Court cannot rewrite the clear language of § 1446(b) to allow equitable exceptions. That prerogative lies solely with Congress.

This Court finds that the plain language of § 1446(b) should govern. The record indicates that this action commenced on February 25, 2003, and that Woodbrook Casualty's notice of removal was not filed until December 23, 2005. Therefore, the one-year bar on removal is applicable and Dr. Fernau's motion to remand this action to state court must also be granted for that reason.

## IV. Conclusion

For the reasons stated above, the motion to remand of third-party plaintiff, James Fernau, M.D., is hereby GRANTED. Accordingly, it is ORDERED that this civil action be REMANDED to

9

the Circuit Court of Brooke Count, West Virginia.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein and to the Clerk of the Circuit Court of Brooke County, West Virginia.

DATED:   March 17, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE